1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| RICARDO A.,<br><br>                              Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>                       Defendant. | Case No.: 3:19-cv-00846-AHG<br><br>**ORDER GRANTING PETITION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. SECTION 406(b)**<br><br>**[ECF No. 15]** |

17

18

19

20

21

22

23

24

25

26

27

28

1

1    Before the Court is a motion by Plaintiff Ricardo A.'s counsel for attorney fees
2 pursuant to 42 U.S.C. § 406(b). ECF No. 15. For the reasons set forth below, the Court
3 **GRANTS** the motion.

4    I.    **PROCEDURAL BACKGROUND**

5    On May 6, 2019, Plaintiff timely commenced the instant appeal seeking judicial
6 review of the Commissioner of Social Security's ("Commissioner") denial of his
7 application for disability insurance benefits. ECF No. 1. The parties consented to proceed
8 before a Magistrate Judge on May 21, 2019. ECF No. 7. Pursuant to the Court's Order, the
9 parties filed a Joint Motion for Judicial Review on November 26, 2019, stating their
10 positions on the disputed issues in the case. ECF No. 13.

11    On July 22, 2020, the Court reversed the Commissioner's denial of disability
12 insurance benefits and remanded the matter for the calculation and award of benefits. ECF
13 No. 14. On remand, the Commissioner confirmed past-due benefits in the amount of
14 $69,828, but withheld $17,457 of that for attorney fees. ECF No. 15 at 2. The Social
15 Security Administration ("SSA") then paid counsel $6,000, which counsel represents is the
16 maximum amount a Plaintiff's attorney can charge for representation at the administrative
17 level.[1] *Id.* The remaining $11,457 are still being withheld to cover legal work done in
18 federal court. *Id.*

19    In the instant motion, Plaintiff's counsel, Matty M. Sandoval, Esq., seeks an order
20 awarding attorney fees in the amount of $10,000 for representing Plaintiff in this action.
21 *Id.* at 2-4. Plaintiff has provided a Declaration in support of the motion, stating that he
22 understands the amount requested, reviewed the fee agreement that specifies an attorney
23 fee of 25% of his past due benefits (more than what Mr. Sandoval now requests), and that
24 he feels the request for $10,000 is "more than reasonable, and ask[s] this Court to approve
25 it." ECF No. 15-5.

26

27

28    [1] This amount was reduced by $97 to cover an administrative fee.

2

1      The Court set a deadline of February 5, 2021 for the Commissioner to file an

2 opposition, if any, to the attorney fee motion. ECF No. 16. The Commissioner has filed no

3 response; accordingly, the Court treats the motion as unopposed.

4   **II.   LEGAL STANDARD**

5      "Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security]

6 claimant who was represented by an attorney 'may determine and allow as part of its

7 judgment a reasonable fee for such representation, not in excess of 25 percent of the total

8 of the past-due benefits to which the claimant is entitled by reason of such judgment.'"

9 *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C.

10 § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful

11 claimant must show that the fee sought is reasonable[2] for the services rendered." *Gisbrecht*

12 *v. Barnhart*, 535 U.S. 789, 807 (2002).

13      "[A] district court charged with determining a reasonable fee award under

14 § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . .

15 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'"

16 *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining

17 reasonableness of the fee award, courts must consider "whether the amount need be

18 reduced, not whether the [lode]star amount should be enhanced." *Crawford*, 586 F.3d at

19

20

---

21 [2] The Court notes that the lodestar calculation does not apply to the instant motion. *See*

22 *Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section

23 406(b) is of another genre: [i]t authorizes fees payable from the successful party's

24 recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorney[] fees, in contrast, are not shifted. They are paid from the award of past-due benefits and the amount of the fee,

25 up to 25% of past-due benefits, is based on the agreement between the attorney and the

26 client."); *see, e.g.*, *Shultz v. Comm'r of Soc. Sec.*, No. 17cv1823-CAB-MDD, 2020 U.S. Dist. LEXIS 147006, at *3–*4 (S.D. Cal. Aug. 14, 2020) (not applying the lodestar

27 calculation, when the motion was not opposed by the Commissioner or plaintiff); *Berry v.*

28 *Saul*, No. 16cv1700-MMA-AGS, 2019 WL 6467807 at *2 n.2 (S.D. Cal. Dec. 2, 2019) (same).

1    1149. While there is not a definitive list of factors, courts should consider "the character of

2    the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.

3    "The court may properly reduce the fee for substandard performance, delay, or benefits

4    that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing

5    the examples given in *Gisbrecht*, 535 U.S. at 808).

6    **III.   DISCUSSION**

7         Here, the fee agreement between Plaintiff and his counsel, Mr. Sandoval, provides

8    that Plaintiff will pay Mr. Sandoval "a fee equal to 25 percent of any past-due benefits from

9    my claim or, if less, $6,000.00 the maximum dollar amount allowed pursuant to section

10   206(a)(2)(A) of the Social Security Act [42 U.S.C. § 406(a)(2)(A)] based on the date SSA

11   approves my fee agreement." ECF No. 15-4. As discussed, the SSA already paid out the

12   $6,000 statutory maximum (less $97 in administrative fees) for work done at the

13   administrative level, and is withholding the remaining $11,457 for work done before this

14   Court. ECF No. 15 at 2; *see also* ECF Nos. 15-1 at 3; 15-2. Counsel asks that the Court

15   approve an additional payment of $10,000 pursuant to Section 406(b), for a total of

16   $16,000, which amounts to 22.91% of the $69,828 in past-due benefits that the Court

17   ordered to be paid to Plaintiff. ECF No. 15 at 3.

18        Having reviewed the documents submitted by Plaintiff's counsel, and the applicable

19   law, the Court finds that counsel's fee request is reasonable. In support of the fee petition,

20   Plaintiff's counsel submitted a billing statement detailing the hours he spent working on

21   this case before the Court, reflecting a total of 40.5 hours. ECF No. 15-3. Therefore, the

22   $10,000 fee request amounts to a *de facto* hourly rate of approximately $246.91, which is

23   on the very low end of *de facto* hourly rates approved by courts in this district. *See, e.g.*,

24   *Berry v. Saul*, No. 16-CV-1700-MMA-AGS, 2019 WL 6467807, at *2 (S.D. Cal. Dec. 2,

25   2019) (approving a *de facto* hourly rate of $402.76, and noting that this rate "falls on the

26   low end of the range that has been approved by courts in similar cases, including this

27   Court"); *Richardson v. Colvin*, No. 15-CV-1456-MMA-BLM, 2017 WL 1683062, at *2

28   (S.D. Cal. May 2, 2017) (approving rate of $770 and collecting other cases from this district

1   approving *de facto* hourly rates of $519, $656, $666.68, $800, $875, and $902) (citations

2   omitted); *Ayersman v. Berryhill*, No. 17-CV-1121-WQH-JMA, 2021 WL 37717, at *2

3   (S.D. Cal. Jan. 5, 2021) (approving *de facto* rate of $787.40).

4        Further, regardless of the *de facto* rate, as the *Ayersman* court noted, "[t]he courts

5   recognize that basing a reasonableness determination on a simple hourly rate basis is

6   inappropriate when an attorney is working pursuant to a reasonable contingency contract

7   for which there runs a substantial risk of loss." *Id.* (quoting *Sproul v. Astrue*, No. 11-CV-

8   1000-IEG DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013)) (other citations

9   omitted). *See also Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3

10  (C.D. Cal. July 19, 2018) ("Counsel assumed the risk of nonpayment inherent in a

11  contingency agreement, [and] the fee does not exceed . . . the 25 percent statutory cap[.]").

12  Here, counsel also assumed the risk of non-payment by agreeing to be paid on a

13  contingency basis, and counsel's work before this Court ultimately resulted in a highly

14  favorable result for his client. *See* ECF Nos. 14, 15-4. Thus, not only is the *de facto* hourly

15  rate relatively quite low compared to other *de facto* rates approved in this district, but the

16  Court also finds it reasonable to approve the amount requested given the contingent nature

17  of the fee agreement. And upon review of the record, the Court finds none of the factors

18  outlined in *Gisbrecht*—substandard performance, delay, or benefits that are not in

19  proportion to the time counsel spent on the case—to be applicable here, as might justify a

20  reduction of the requested fee. *See* 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Finally,

21  the $10,000 fee, coupled with the $6,000 already paid by SSA, together do not exceed 25%

22  of the past-due benefits that counsel secured for his client.[3] Therefore, the Court concludes

23  that Mr. Sandoval's attorney fee request of $10,000 is reasonable and should be granted.

---

[3] Notably, the 25% cap set forth in Section 406(b)(1)(A) applies solely to attorney fees for representation in federal court. For that reason, the Supreme Court has held that the amount paid out by the agency for work done at the administrative level pursuant to § 406(a)(2)(A) does not serve to further delimit the amount that the Court can approve pursuant to § 406(b)(1)(A). *Culbertson v. Berryhill*, 139 S. Ct. 517, 521-23 (2019). In other words, the

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's Petition for Attorney Fees Pursuant to 42 U.S.C. Section 406(b) (ECF No. 15). The Court **AWARDS** Matty Michael Sandoval attorney fees in the amount of $10,000.00, and accordingly **DIRECTS** the Commissioner to certify the fee of $10,000.00 payable to Matty M Sandoval.

**IT IS SO ORDERED.**

Dated:  February 24, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

Court need not actually take into account the $6,000 already paid by the agency in applying the 25% statutory cap to the fee requested for work done at the federal court level. Counsel's requested fee of $10,000 for work performed before this Court is only 14.32% of Plaintiff's past-due benefits award, and thus falls significantly below the 25% cap. However, keeping in mind that the Court must respect "the primacy of lawful attorney-client fee agreements," *Crawford*, 586 F.3d at 1148, the Court applies the 25% limit set forth in the agreement between Plaintiff and Mr. Sandoval. ECF No. 15-4. Including the additional $6,000 in its calculations, the total fee of $16,000 is still only 22.91% of the benefit award.

3:19-cv-00846-AHG